IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

George Mills, Jr.,            )
       Petitioner,            )
                             )
v.                           )          1:13cv317 (AJT/IDD)
                             )
Warden E. Pearson,           )
       Respondent.           )

FEB 1 2 2014

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

MEMORANDUM OPINION

George Mills, Jr., a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254.  On June 7, 2013, respondent filed a Motion to Dismiss and accompanying memorandum with supporting exhibits, and advised petitioner of his right to file responsive materials, as required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) and Local Civil Rule 7(K).  Petitioner filed a response on August 2, 2013.  For the reasons that follow, Mills's claims must be dismissed.

I. Background

Petitioner was convicted, pursuant to his guilty plea, in the Circuit Court for the City of Fairfax, Virginia on April 23, 2010, of statutory burglary, burglary, and abduction. Pet. 1. The court sentenced petitioner to 35 years in prison with 10 years suspended.  Id.  Petitioner's direct appeal of that determination was refused by the Court of Appeals of Virginia on January 31, 2011.  Mills v. Commonwealth, R. No. 1449-10-4 (Va. Ct. App. Jan. 31, 2011). Petitioner did not appeal the Virginia Court of Appeals's decision.  On or about April 11, 2011, petitioner filed a petition for a writ of habeas corpus in the Fairfax County Circuit Court, which dismissed his petition on February 27, 2012.  Petitioner then appealed to the

Supreme Court of Virginia, which dismissed his appeal as untimely on September 13, 2012.

Mills v. Commonwealth, R. No. 121288 (Va. Sept. 13, 2012).  On February 8, 2013, Mills

filed the instant federal habeas petition raising the following claims[1]:

> 1. Ineffective Assistance of Counsel
>
>> (A) Counsel was ineffective for not advising him that
>> the Judge could exceed the sentencing guidelines.
>>
>> (B) Counsel was ineffective for not going over the
>> guidelines with him.
>>
>> (C) Counsel was ineffective for not telling him that he
>> would receive less time with an Alford plea.
>
> 2. Trial court erred in failing to find that petitioner was not
> competent to stand trial.
>
> 3. Trial Court erred in finding there was sufficient evidence to
> support his conviction.
>
> 4. Trial Court erred in failing to find that petitioner was legally
> insane at the time of the offense.

## II. Analysis

Petitioner's claims are procedurally defaulted, and respondent's Motion to Dismiss

will be granted.  In reviewing a petition for a writ of habeas corpus brought pursuant to 28

U.S.C. § 2254, a federal court must first determine whether the petitioner has exhausted his

claims before the appropriate state courts and whether those claims are barred by a procedural

default. As a general rule, a federal petitioner must first exhaust his claims in state court

because exhaustion is a matter of comity to the state courts; failure to exhaust a claim requires

its dismissal by the federal court.  See 28 U.S.C. § 2254(b); Granberry v. Greer, 481 U.S. 129,

---

[1] Petitioner brought the same claims in his state habeas petition.

134 (1987); Rose v. Lundy, 455 U.S. 509, 515–19 (1982). To comply with the exhaustion requirement, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Thus, in Virginia, a § 2254 petitioner must first have presented the same factual and legal claims to the Supreme Court of Virginia either by way of a direct appeal, a state habeas corpus petition, or an appeal from a circuit court's denial of a state habeas petition. Matthews v. Evatt, 105 F.3d 907, 910– 11 (4th Cir. 1997) (quoting Picard v. Connor, 404 U.S. 270, 275–78 (1971) for the proposition that for a claim to be exhausted, "both the operative facts and the 'controlling legal principles' must be presented to the state court."); see Pruett v. Thompson, 771 F. Supp. 1428, 1436 (E.D. Va. 1991), aff'd 996 F.2d 1560 (4th Cir. 1993) (exhaustion requirement is satisfied when "allegations advanced in federal court . . . [are] the same as those advanced at least once to the highest state court.").

Additionally, when a state court has determined that a claim has been procedurally defaulted, its finding is entitled to a presumption of correctness on federal habeas corpus review, provided two foundational requirements are met. Harris v. Reed, 489 U.S. 255, 262- 63 (1989); Clanton v. Muncy, 845 F.2d 1238, 1241 (4th Cir. 1988) (citing 28 U.S.C. § 2254(d)). First, the state court must have relied explicitly on the procedural ground to deny petitioner relief. Id. Second, the state procedural rule relied on to default petitioner's claim must be an independent and adequate state ground for denying relief. Id. at 260; Ford v. Georgia, 498 U.S. 411, 423–24 (1991). When these two requirements have been met, federal courts may not review the barred claims absent a showing of cause and prejudice or a

3

fundamental miscarriage of justice, such as actual innocence. <u>Harris</u>, 489 U.S. at 260.

Petitioner's claims are procedurally defaulted because petitioner did not timely appeal the Circuit Court of the County of Fairfax, Virginia's order dismissing his state habeas petition to the Supreme Court of Virginia. Petitioner presented his claims to the Supreme Court of Virginia during his state habeas proceedings, however, the Supreme Court dismissed those claims as untimely per Rule 5:17(a)(1). The Fourth Circuit has held that a state finding of procedural default bars review and provides an independent and adequate ground for dismissal of a federal habeas petition. <u>Breard v. Pruett</u>, 134 F.3d 615, 619 (4th Cir. 1998). Therefore, these claims are procedurally defaulted from federal habeas review absent cause and prejudice for the default, or a showing that a fundamental miscarriage of justice would occur absent such review.

Petitioner argues that he has met this standard because he used "a jailhouse lawyer . . . to assist him in the learning and application of the law, and how it pertained to his case" but was later unable to use this resource when the jail house lawyer was transferred into segregation. Pet'r's Resp.; docket # 18. Petitioner states that he requested to see an institutional attorney but was unable to do so in time to meet the Supreme Court of Virginia's filing deadlines. Petitioner argues that without these resources he was "left with the equivalent of putting together a jigsaw puzzle under a stringent timeline without knowledge of what the picture looked like."

Even reading petitioner's arguments liberally[2] as presenting a claim that he was denied effective assistance of counsel in his appeal from the Fairfax County Circuit Court's denial of

---

[2] Petitioner <u>pro se status</u> entitles him to a liberal construction of his petition. <u>See</u> <u>Haines v. Kerner</u>, 404 U.S. 519, 596 (1976).

4

his habeas petition, because he did not have counsel, petitioner's case falls outside of the limited exception created in Martinez v. Ryan. 132 S.Ct. 1309 (2012).In Martinez, the Supreme Court made a narrow exception to its previous holding in Coleman v. Thompson, which held that the presence of ineffective assistance of counsel will not excuse a procedural default. 132 S.Ct. at 1318-19. The Martinez Court held that "[w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." Id. at 1320. The Court cautioned that its holding was extremely narrow and that Coleman would govern "in all but the limited circumstances recognized here" and explicitly noted the its holding did not extend to "attorney errors in . . . appeals from initial-review collateral proceedings." Id.

It is this latter stage of the proceeding, the appeal, – which Martinez does not apply to – that is in issue here. Petitioner had his habeas claims heard by the Fairfax County Circuit Court. This was his initial-review collateral proceeding. He failed, however, to timely file an appeal of the Fairfax County Circuit Court's denial of his habeas petition. This resulted in his claims being procedurally barred from federal habeas review. Petitioner now attempts to argue that the procedural default that arose from his failure to timely appeal the Fairfax County Circuit Court's decision is excused under Martinez. This argument, however, is foreclosed by Martinez itself because the Court explicitly stated that its holding did not extend to "attorney errors in . . . appeals from initial-review collateral proceedings. See 132 S.Ct. at 1320. Thus, as petitioner's argument for cause and prejudice to excuse his default addressed

5

*the appeal* of the Fairfax County Circuit Court's decision, his claim falls outside Martinez. See 132 S.Ct. 1309 at 1320.

This conclusion is supported by the Fourth Circuit's holding in Johnson v. Warden of Broad River Corr. Inst. No. 12-7270, 2013 WL 856731, at *1 (4th Cir. Mar. 8, 2013). In Johnson, the court found that Martinez did not apply to excuse his attorney's failure to file a*n appeal* from the denial of his post-conviction petition. Id. (emphasis added). The court noted that "the Martinez rule did not 'concern attorney errors in other kinds of proceedings including appeals from initial-review collateral proceedings.'" Id. (quoting Martinez, 132 S. Ct. at 1320.). Further, the court reasoned that "Martinez assures that [the petitioner] got a day in court at his original post-conviction hearing; 'deprivation of a second day [i.e. an appeal] does not constitute cause.'" Id. (quoting Arnold v. Dormire, 675 F.3d 1082, 1087 (8th Cir.2012)) (brackets in original).

Though the petitioner in Johnson had counsel, the analysis is no different here, where petitioner was without counsel. He has still had his day in court because the Fairfax County Circuit Court heard his habeas petition. Being deprived of his second day, the appeal to the Virginia Supreme Court, does not constitute cause. As such, petitioner's claims are barred from federal review.  See Harris, 489 U.S. at 260.

### III. Motion for Extension of Time

Also before the Court is petitioner's "Motion for Extension of Time to File Response/Reply." Docket No. 15. Petitioner's motion will be denied, as moot, as it is duplicative of his first Motion for Extension of Time, docket no. 14, which the Court granted by its July 1, 2013 Order.

6

## IV. Conclusion

For the above-stated reasons, the respondent's Motion to Dismiss will be granted, and this petition will be dismissed. An appropriate Order shall issue.

Entered this ___12___ day of ___February___ 2014.

Alexandria, Virginia

Anthony J. Trenga
United States District Judge

7